IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEO PHARMA A/S and LEO PHARMA INC., <br><br> Plaintiffs, <br><br> v. <br><br> GLENMARK PHARMACEUTICALS LTD., <br><br> Defendant. | Civ. No. 20-1359-CFC |

## **MEMORANDUM ORDER**

Defendant has filed objections (D.I. 53) to an oral order docketed by the Magistrate Judge on May 3, 2021 (D.I. 47). In her ruling, the Magistrate Judge denied Defendant's request for an order to compel Plaintiff to search for, collect, and produce documents created more than six years before the Complaint was filed. D.I. 41 at 1. The Magistrate Judge had the authority to make this ruling under 28 U.S.C. § 636(b)(a)(A). I may reconsider her order only if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

The Stipulated Discovery Order signed by the Court at the request of both parties requires a showing of good cause to obtain "follow-up discovery" that predates the filing of the Complaint by more than six years unless that discovery is

"related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit." D.I. 30 3(c). The Magistrate Judge "agreed with Plaintiffs that 'follow-up discovery' refers to all discovery other than that contemplated under Paragraphs 3(a) and 3(b) [of the Stipulated Discovery Order] (i.e., infringement and invalidity contentions and the accompanying document productions)." D.I. 47. This interpretation of "follow-up discovery" is spot-on.

The Magistrate Judge noted that "Plaintiffs have agreed to search for and produce responsive documents from within six years of the filing of the complaint as well as all documents that predate June 2010 that relate to the conception and reduction to practice of the patented inventions, 'treating the latter category broadly to include research and development of the claimed inventions prior to the filing of the priority application.'" *Id.* (citing D.I. 44 at 2.) And the Magistrate Judge held that Defendant had not demonstrated good cause for a blanket order requiring Plaintiff to produce all other documents that predate the Complaint by more than six years. I agree with the Magistrate Judge that Defendant has failed to demonstrate good cause for the extreme, blanket order it sought.

In short, the Magistrate Judge's ruling cannot reasonably be characterized as clearly erroneous or contrary to law. Defendant's objections are devoid of merit and a response from Plaintiff is unnecessary.

2

Now therefore, at Wilmington on this 25th day of May in 2021, it is

HEREBY ORDERED that Defendant's objections (D.I. 53) are OVERRULED.

_____
United States District Judge