IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEO PHARMA A/S and LEO PHARMA INC., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 20-1359 (CFC) |
| v. | ) | |
| | ) | |
| GLENMARK PHARMACEUTICALS LTD., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT CLAIM CONSTRUCTION CHART**

Plaintiffs LEO Pharma A/S and LEO Pharma, Inc. and Defendant Glenmark Pharmaceuticals Ltd. hereby submit this Joint Claim Construction Chart in accordance with the Scheduling Order. (D.I. 21, ¶ 15).

This Joint Claim Construction Chart addresses the claim construction positions of the parties regarding United States Patent Nos. 10,617,698, 10,660,908, 10,682,364, 10,688,108, and 10,716,799 (collectively, "the Patents-in-Suit").

Attached as Appendix A are tables identifying the agreed-upon constructions for certain terms as well as the claim terms in dispute. For each disputed term, the parties provide their respective proposed constructions and citations to the intrinsic evidence in support of their respective constructions.

The parties' citations to passages from a particular Patent-in-Suit's written description are also intended to incorporate by reference the corresponding passages

of the written descriptions of related patents. For example, a citation to any passage from the written description of the '698 Patent incorporates by reference the corresponding passage of the '908, '364, '108, or '799 Patents. Cited passages are intended to include all figures and tables referenced therein, whether or not referenced.

The parties reserve the right to rely on additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut arguments made by the other party during the claim construction briefing. The parties further reserve the right to rely on any intrinsic evidence identified by the other party. The parties also reserve their rights to rely on extrinsic evidence. The parties reserve the right to update and/or supplement their proposed claim constructions with the *Markman* briefing in this case.

The parties intend to rely on the Patents-in-Suit, the claims of the Patents-in-Suit, the written descriptions of the Patents-in-Suit, the file histories of the Patents-in-Suit, and patents and applications to which the Patents-in-Suit claim priority, including any related patents or patent applications related to the Patents-in-Suit.

The parties understand that the Court does not typically consider issues of indefiniteness at the claim construction stage. As set forth in Appendix A, Defendant reserves its right to advance indefiniteness arguments at the appropriate time.

Copies of the patents relied upon by the parties are attached, as follows:

| Exhibit | Evidence |
|---|---|
| Exhibit 1 | United States Patent No. 10,617,698 |
| Exhibit 2 | United States Patent No. 10,660,908 |
| Exhibit 3 | United States Patent No. 10,682,364 |
| Exhibit 4 | United States Patent No. 10,688,108 |
| Exhibit 5 | United States Patent No. 10,716,799 |

MORRIS, NICHOLS,
ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

OF COUNSEL:

George F. Pappas
Jeffrey Lerner
Chanson Chang
Alexander Trzeciak
Emily Mondry
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission St Suite 5400
San Francisco, CA 94105
(415)-591-6000

*Attorneys for Plaintiffs LEO Pharma
A/S and LEO Pharma, Inc.*

June 3, 2021

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
dgattuso@hegh.law

OF COUNSEL:

William A. Rakoczy
Deanne M. Mazzochi
Rachel Pernic Waldron
Matthew V. Anderson
Steven J. Birkos
Cynthia H. Sun
Victoria N. Georgevich
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 527-2157

*Attorneys for Defendant
Glenmark Pharmaceuticals Ltd.*

## APPENDIX A
## I. TERMS NEEDING CONSTRUCTION AND PROPOSED CONSTRUCTIONS[1]

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| **"[a] pharmaceutically acceptable propellant"**<br><br>'698 Patent, Claims 1, 3, 4, and 18–19<br><br>'908 Patent, Claims 1, 2, 8, 21, 40–42, 49, 53, and 61–64<br><br>'364 Patent, Claims 1, 3, 5, 11, and 20–21 | **Proposed Construction:**<br><br>"[a] propellant suitable for use in a pharmaceutical composition"<br><br>**Intrinsic Evidence:**<br><br>'698 Patent: 2:48–4:10, 4:21–32, 8:36–42, 8:63–9:31, 10:1–17, 12:6–11, 12:21–23, 13:10–14:21, 14:26–40, 15:22–37, 15:51–67, 16:22–31, 20:34– | **Proposed Construction:**<br><br>"dimethyl ether or a mixture of dimethyl ether and one or more of a $C_{3-5}$ alkane, hydrofluoroalkane, hydrochloroalkane, fluoroalkane or chlorofluoroalkane"<br><br>**Intrinsic Evidence:** |

[1] During the initial exchange of proposed claim terms, Glenmark disclosed a number of claim terms that it maintains are indefinite.  In view of the parties' understanding of the Court's claim construction practice, the parties do not intend to address the merits of any indefiniteness arguments as part of these claim construction proceedings. **Glenmark Further States:** Glenmark reserves its rights to raise any and all indefiniteness arguments, including those referenced in its May 7, 2021 Invalidity Contentions, at the appropriate time.

[2] The patents referenced herein should be understood to refer to U.S. Patent Nos. 10,617,698 ("the '698 Patent"), 10,660,908 ("the '908 Patent"), 10,682,364 ("the '364 Patent"), 10,688,108 ("the '108 Patent"), and 10,716,799 ("the '799 Patent").

[3] The specifications of the '698 Patent, the '908 Patent, the '364 Patent, the '108 Patent, and the '799 Patent are substantially the same, and for convenience Plaintiffs have therefore cited to the specification of the '698 Patent as illustrative. Each citation to the specification of the '698 Patent should be understood to also include the citation to the corresponding disclosure in the '908 Patent, the '364 Patent, the '108 Patent, and the '799 Patent.

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| '108 Patent, Claims 1–3, 8–10, and 13–15<br><br>'799 Patent, Claims 1, 2, 4, and 18–19 | 41, 20:50—60, Claims 1, 3, 4, 7–9, 17–22, Figure 1, Figure 2, Figure 6, Table a, Table b.<br><br>'908 Patent: Claims 1, 2, 8–23, 34, 40–42, 49, 52, 53, 58–65.<br><br>'364 Patent: Claims 1, 3–11, 19–24.<br><br>'108 Patent: Claims 1–4, 6–16.<br><br>'799 Patent: Claims 1–9, 17–22.<br><br>'640 Patent: Claim 1.<br><br>'698 Patent File History: LEO-ENST-00000101–09 (Preliminary Amendment).<br><br>'908 Patent File History: LEO-ENST-00000364–76 (Preliminary Amendment), LEO-ENST-00000556–90 (Third-Party Submission). | Claims 1, 3-4, 18-19 of the '698 patent; Claims 1-2, 8, 21, 39-42, 49, 53, 61-64 of the '908 patent;  Claims 1, 3, 5, 11, 20-21 of the '364 patent; Claims 1-3, 8-10, 13-15 of the '108 patent; Claims 1-2, 4, 18-19 of the '799 patent.<br><br>'698 patent, including col. 3, ll. 47-58; col. 3, l. 67 – col. 4, l. 8; col. 5, ll. 24-43; col. 7, ll. 10-12; col. 8, ll. 36-42; col. 8, l. 63 – col. 9, l. -25; col. 9, ll. 29-31; col. 13, ll. 16-17, 27-48 (Example 1); col. 14, ll. 11-17; col. 14, l. 24 – col. 17, l. 41 (Example 2); col. 17, ll. 46-47, col. 18, ll. 4-7 (Example 3); col. 19, ll. 22-28 (Example 4); col. 19, ll. 50-55, 65-67 (Example 5); col. 20, ll. 57-59; col. 22, ll. 1-40 (Example 7); Figs. 1a, 1b, 2a, 2b, 3, 4. |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | '364 Patent File History: LEO-ENST-00000929–37 (Preliminary Amendment), LEO-ENST-00001111–31 (Third-Party Submission), LEO-ENST-00001296–99 (Notice of Allowance).<br><br>'108 Patent File History: LEO-ENST-00001408–18 (Preliminary Amendment), LEO-ENST-00001623–52 (Third-Party Submission).<br><br>'799 Patent File History: LEO-ENST-00001932–40 (Preliminary Amendment), LEO-ENST-00002125–45 (Third-Party Submission), LEO-ENST-00002309–14 (Notice of Allowance).<br><br>'640 Patent File History: LEO-ENST-00004634–52 (Amendment in Response to Non-Final Office Action); LEO-ENST-00004654–62 (Declaration of Sven Frøkjær); LEO-ENST-00004674–83 (Declaration of Bente | '908 patent, including col. 3, ll. 47-58; col. 3, l. 67 – col. 4, l. 8; col. 5, ll. 24-43; col. 7, ll. 10-12; col. 8, ll. 38-44; col. 8, l. 65 – col. 9, l. 27; col. 9, ll. 31-33; col. 13, ll. 19-20, 30-50 (Example 1); col. 14, ll. 15-21; col. 14, l. 29 – col. 17, l. 60 (Example 2); col. 17, ll. 66-67, col. 18, ll. 24-27 (Example 3); col. 19, ll. 42-48 (Example 4); col. 20, ll. 3-8, 19-21 (Example 5); col. 21, ll. 10-12; col. 22, ll. 25-56 (Example 7); Figs. 1a, 1b, 2a, 2b, 3, 4.<br><br>'364 patent, including col. 3, ll. 47-58; col. 3, l. 67 – col. 4, l. 8; col. 5, ll. 24-43; col. 7, ll. 10-12; col. 8, ll. 38-44; col. 8, l. 65 – col. 9, l. 27; col. 9, ll. 31-33; col. 13, ll. 16-17, 27-48 (Example 1); col. 14, ll. 12-18; col. 14, l. 26 – col. 17, l. 54 (Example 2); col. 17, ll. 60-61, |

A-3

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | Lolansen); LEO-ENST-00005165–76 (Supplemental Amendment Consistent with Proposal of Examiner).<br><br>'781 Patent File History: LEO-ENST-00006151–59 (Amendment in Response to Notice of Non-Compliant Amendment Under 37 CFR 1.121), LEO-ENST-00006191–96 (Amendment in Response to Non-Final Office Action). | col. 18, ll. 18-21 (Example 3); col. 19, ll. 35-41 (Example 4); col. 19, l. 63 – col. 20, l. 1; col. 20, ll. 11-13 (Example 5); col. 21, ll. 3-5; col. 22, ll. 13-45 (Example 7); Figs. 1a, 1b, 2a, 2b, 3, 4.<br><br>'108 patent, including col. 3, ll. 47-58; col. 3, l. 67 – col. 4, l. 8; col. 5, ll. 24-43; col. 7, ll. 11-13; col. 8, ll. 41-47; col. 9, ll. 1-30; col. 9, ll. 34-36; col. 13, ll. 19-20, 30-51 (Example 1); col. 14, ll. 12-18; col. 14, l. 25 – col. 17, l. 55 (Example 2); col. 17, ll. 60-61, col. 18, ll. 18-21 (Example 3); col. 19, ll. 40-46 (Example 4); col. 20, ll. 3-9, 20-22 (Example 5); col. 21, ll. 13-15; col. 22, ll. 30-67 (Example 7); Figs. 1a, 1b, 2a, 2b, 3, 4. |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | '799 patent, including col. 3, ll. 47-58; col. 3, l. 67 – col. 4, l. 8; col. 5, ll. 24-43; col. 7, ll. 11-13; col. 8, ll. 38-44; col. 8, l. 65 – col. 9, l. 27; col. 9, ll. 31-33; col. 13, ll. 16-17, 27-48 (Example 1); col. 14, ll. 12-18; col. 14, l. 25 – col. 17, l. 40 (Example 2); col. 17, ll. 46-47, col. 18, ll. 4-7 (Example 3); col. 19, ll. 22-28 (Example 4); col. 19, ll. 50-55, 65-67 (Example 5); col. 20, ll. 59-61; col. 22, ll. 12-49 (Example 7); Figs. 1a, 1b, 2a, 2b, 3, 4.<br><br>'214 application prosecution history ("PH"), including, e.g., 12/10/2012 Application As-Filed at 34-37; 12/10/2012 Preliminary Amendment at 3-7; 9/18/2013 Response to Restriction Requirement at 2; 12/2/2013 Non-Final Office Action at 11-16; 3/4/2014 |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | Amendment and Response at 2-7, 10-13; 4/30/2014 Final Office Action at 9-12; 7/25/2014 Amendment and Response at 2-8, 10-12; 8/5/2014 Advisory Action at 2; 9/12/2014 Amendment and Response at 2-8; 2/6/2015 Non-Final Office Action at 4-9; 5/6/2015 Amendment and Response at 2-6; 6/15/2015 Notice of Allowance at 2-4.<br><br>'662 application PH, including e.g., 5/8/2015 Application As-Filed at 34-37; 2/11/2016 Non-Final Office Action at 10-17; 5/11/2016 Amendment and Response at 2-4, 6-8; 7/21/2016 Notice of Allowance at 3-5.<br><br>'733 application PH, including, e.g., 5/8/2015 Application As-Filed at 34-37; 4/8/2016 Non- |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | Final Office Action at 8-15; 10/11/2016 Amendment and Response at 2-5, 7-14; 1/12/2017 Final Office Action at 5-17; 5/12/2017 Amendment and Response at 2-8, 10-23; 5/11/2017 Hoy Declaration at 1-2; 5/2/2017 Nielsen Declaration at 1-3; 5/9/2017 Eriksson Declaration at 1-3; 10/6/2017 Interview Summary; 11/15/2017 Amendment and Response at 2-11, 14-18; 2/20/2018 Supplemental Amendment and Response at 2-11; 3/1/2018 Notice of Allowance at 4-8.<br><br>'366 application PH, including e.g.,  9/19/2018 Application As-Filed at 34-37; 9/19/2018 Preliminary Amendment at 3-12; 10/17/2019 Non-Final Office Action at 5-14; 12/20/2019 Interview |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | Summary; 3/23/2020 Notice of Allowance at 3-4; 3/31/2020 Rule 312 Response at 13-14.<br><br>'501 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-8; 9/26/2019 Non-Final Office Action at 5-12; 12/26/2019 Amendment and Response at 3-8.<br><br>'603 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-8.<br><br>'539 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-10. |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | '586 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-8. |
| **"are dissolved in the pharmaceutically acceptable propellant"[4]** | **Proposed Construction:** | **Proposed Construction:** |

---

[4] **Glenmark States:**  The Court's Scheduling Order (D.I. 21) required disclosure of terms to be construed, and proposed constructions to be disclosed on May 18, 2021.  Glenmark properly identified the terms "dissolved in the pharmaceutically acceptable propellant" and "the pharmaceutically acceptable propellant . . . completely dissolve[s] . . ." for construction on May 18, 2021, and also proposed constructions as required.

On the afternoon of May 28, 2021—ten (10) days after the deadline for exchanging proposed terms and proposed constructions, and only one (1) business day before the original deadline to submit the Joint Claim Construction Chart—LEO proposed construing the new terms, "are dissolved in the pharmaceutically acceptable propellant" and "the pharmaceutically acceptable propellant is present in an amount sufficient to completely dissolve [the active ingredients]," but did not provide constructions.  The parties held a meet and confer that afternoon, and LEO still refused to provide its proposed construction for these new terms; LEO also provided no basis for its position that its new terms "more accurately address[es] the meaning of the claims" other than to note its proposed terms were in passive voice.

Not until June 1, 2021, the day the Joint Claim Construction Chart was originally due (*see* D.I. 21) did LEO provide its proposed constructions for its alternative terms.

(continued…)

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| '908 Patent, Claim 1 | Plain and ordinary meaning. To the extent construction is necessary: "are in solution in the presence of the pharmaceutically acceptable propellant"<br><br>**Intrinsic Evidence:**<br><br>'698 Patent, Figure 1, Figure 2, 2:2–4, 2:27–31, 2:48–3:19, 3:45–63, 7:23–26, 8:63–9:9, 14:11–17, 14:23–17:40, 20:50–21:2.<br><br>'908 Patent: Claims 1, 2.<br><br>'908 Patent File History: LEO-ENST-00000556–90 (Third-Party Submission), LEO-ENST-00000803– | Plain and ordinary meaning, i.e., "are passed into solution by the pharmaceutically acceptable propellant."<br><br>**Intrinsic Evidence:**<br><br>Claims 1-2 of the '908 patent.<br><br>'908 patent, including e.g., col. 2, l. 64 – col. 3, l. 1; col. 3, ll. 47-58; col. 5, ll. 24-33; col. 7, ll. 24-27; col. 8, l. 65 – col. 9, l. 11; col. 14, ll. 15-21 (Example 1); col. 14, ll. 42-45, col. 15, ll. 55-58, col. 16, ll. 22-25, 49-52, col. 17, ll. 15-18 (Example 2); Figs. 1a, 1b, 2a, 2b. |

There is no reason that LEO could not have provided these terms for construction, and proposed constructions, on May 18, 2021 as required.  Nevertheless, in an effort to compromise and avoid burdening the Court with a dispute, Glenmark agreed to propose LEO's new terms to the Court for construction; these are the terms included herein.

**Plaintiffs State:** Plaintiffs disagree with Glenmark's assertions in this footnote and Glenmark's inclusion of the footnote. *See* D.I. 21, ¶ 15 ("In this joint submission, the parties shall not provide arguments."). Plaintiffs will not respond further, however, unless the Court so requests.

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | 16 (Amendment after Allowance & Comments on Reasons for Allowance), LEO-ENST-00000842–43 (Comments on Response to Rule 312 Communication). | '214 application PH, including, e.g., 12/10/2012 Application As-Filed at 34-37; 12/10/2012 Preliminary Amendment at 3-7; 3/4/2014 Amendment and Response at 11-13.  '662 application PH, including e.g., 5/8/2015 Application As-Filed at 34-37; 5/11/2016 Amendment and Response at 2-4, 8.  '733 application PH, including, e.g., 5/8/2015 Application As-Filed at 34-37; 10/11/2016 Amendment and Response at 2-14; 5/2/2017 Nielsen Declaration at 1-3; 5/12/2017 Amendment and Response at 2-8; 10-23; 11/15/2017 Amendment and Response at 2-11, 14-19; 2/20/2018 Supplemental Amendment and |

A-11

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | Response at 2-11; 3/1/2018 Notice of Allowance at 4-8.

'366 application PH, including e.g.,  9/19/2018 Application As-Filed at 34-37; 9/19/2018 Preliminary Amendment at 3-12; 12/20/2019 Interview Summary; 3/23/2020 Notice of Allowance at 3-4; 3/31/2020 Rule 312 Response at 13-14.

'501 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-8.

'603 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-8.

'539 application PH, including e.g., 8/28/2019 Application As- |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-10.<br><br>'586 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-8. |
| **"the pharmaceutically acceptable propellant is present in an amount sufficient to completely dissolve [the active ingredients]"**<br><br>'908 Patent, Claim 2 | **Proposed Construction:**<br><br>Plain and ordinary meaning. To the extent construction is necessary: "the amount of the pharmaceutically acceptable propellant is such that the active ingredients are completely dissolved in the solution that includes the pharmaceutically acceptable propellant"<br><br>**Intrinsic Evidence:**<br><br>'698 Patent, Figure 1, Figure 2, 2:2–4, 2:27–31, 2:84–3:19, 3:45–63, 7:23–26, 8:63–9:9, 14:11–17, 14:23–17:40, 20:50–21:2. | **Proposed Construction:**<br><br>Plain and ordinary meaning, i.e., "the pharmaceutically acceptable propellant is present in an amount to completely pass the active pharmaceutical ingredient(s) into solution."<br><br>**Intrinsic Evidence:**<br><br>Claims 1-2 of the '908 patent.<br><br>'908 patent, including e.g., col. 2, l. 64 – col. 3, l. 1; col. 3, ll. 47-58; col. 5, ll. 24-33; col. 7, ll. 24-27; col. 8, l. 65 – col. 9, l. 11; col. 14, ll. 15-21 (Example |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | '908 Patent: Claims 1, 2.<br><br>'908 Patent File History: LEO-ENST-00000556–90 (Third-Party Submission), LEO-ENST-00000803–16 (Amendment after Allowance & Comments on Reasons for Allowance), LEO-ENST-00000842–43 (Comments on Response to Rule 312 Communication). | 1); col. 14, ll. 42-45, col. 15, ll. 55-58, col. 16, ll. 22-25, 49-52, col. 17, ll. 15-18 (Example 2); Figs. 1a, 1b, 2a, 2b.<br><br>'214 application PH, including, e.g., 12/10/2012 Application As-Filed at 34-37; 12/10/2012 Preliminary Amendment at 3-7; 3/4/2014 Amendment and Response at 11-13.<br><br>'662 application PH, including e.g., 5/8/2015 Application As-Filed at 34-37; 5/11/2016 Amendment and Response at 2-4, 8.<br><br>'733 application PH, including, e.g., 5/8/2015 Application As-Filed at 34-37; 10/11/2016 Amendment and Response at 2-14; 5/2/2017 Nielsen Declaration at 1-3; 5/12/2017 Amendment and Response at 2- |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | 8; 10-23; 11/15/2017 Amendment and Response at 2-11, 14-19; 2/20/2018 Supplemental Amendment and Response at 2-11; 3/1/2018 Notice of Allowance at 4-8.

'366 application PH, including e.g.,  9/19/2018 Application As-Filed at 34-37; 9/19/2018 Preliminary Amendment at 3-12; 12/20/2019 Interview Summary; 3/23/2020 Notice of Allowance at 3-4; 3/31/2020 Rule 312 Response at 13-14.

'501 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-8.

'603 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-8. |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | '539 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-10.<br><br>'586 application PH, including e.g., 8/28/2019 Application As-Filed at 34-37; 8/28/2019 Preliminary Amendment at 3-8. |
| **"increased skin permeation of calcipotriol"**<br><br>'698 Patent, Claims 1 and 2<br><br>'108 Patent, Claims 13 and 17 | **Proposed Construction:**<br><br>This term is a limitation on the claims. Plain meaning.<br><br>**Intrinsic Evidence:**<br><br>'698 Patent: Figure 3, Figure 4, 2:5–19, 2:48–3:19, 3:64–4:10, 7:38–45, 8:36–42, 10:18–43, 18:11–19:28, Claims 1, 2, 23–24.<br><br>'908 Patent: Claims 1, 39.<br><br>'108 Patent: Claims 1, 13–14, 17–19. | **Proposed Construction:**<br><br>Non-limiting.<br><br>**Intrinsic Evidence:**<br><br>'698 patent, including e.g., col. 5, ll. 34-38; col. 7, ll. 38-45; col. 10, ll. 20-23, 38-40; col. 18, l. 9 – col. 19, l. 28 (Example 4); Fig. 3.<br><br>'908 patent, including e.g., col. 5, ll. 34-38; col. 7, ll. 39-46; col. 10, ll. 23-27, 41-43; col. |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | '698 Patent File History: LEO-ENST-00000158–74  (9/26/2019 Office Action), LEO-ENST-00000211–28 (Amendment and Response Under 37 C.F.R. § 1.111), LEO-ENST-00000298–306  (Notice of Allowance).<br><br>'908 Patent File History: LEO-ENST-00000556–90 (Third-Party Submission), LEO-ENST-00000623–43 (Office Action),  LEO-ENST-00000744–52 (Amendment and Response).<br><br>'364 Patent File History: LEO-ENST-00000986–1003 (Office Action), LEO-ENST-00001068–82 (Amendment and Response Under 37 C.F.R. § 1.111).<br><br>'108 Patent File History: LEO-ENST-00001471–87 (Office Action), LEO-ENST-00001554–74 (Amendment and Response Under 37 C.F.R. § 1.111), LEO-ENST-00001623–52 (Third Party | 18, l. 29 – col. 19, l. 48 (Example 4); Fig. 3.<br><br>'364 patent, including e.g., col. 5, ll. 34-38; col. 7, ll. 39-46; col. 10, ll. 23-26, 41-43; col. 18, l. 23 – col. 19, l. 41 (Example 4); Fig. 3.<br><br>'108 patent, including e.g., col. 5, ll. 34-38; col. 7, ll. 40-47; col. 10, ll. 25-28, 43-45; col. 18, l. 22 – col. 19, l. 44 (Example 4); Fig. 3.<br><br>'799 patent, including e.g., col. 5, ll. 34-38; col. 7, ll. 39-46; col. 10, ll. 23-26, 41-43; col. 18, l. 9 – col. 19, l. 28 (Example 4); Fig. 3.<br><br>'214 application PH, including e.g., 3/4/2014 Amendment and Response at 10; 7/25/2014 Response at 10.<br><br>'733 application PH, including e.g., 10/11/2016 Amendment and Response at 7-8, 11, 13-14; |

A-17

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | Submission), LEO-ENST-00001812–20 (Notice of Allowance).<br><br>'799 Patent File History: LEO-ENST-00001989–2006 (Office Action), LEO-ENST-00002070–85 (Amendment and Response Under 37 C.F.R. § 1.111). | 5/12/2017 Amendment and Response at 10-20; 5/9/2017 Eriksson Declaration at 1-3; 11/15/2017 Amendment and Response at 14.<br><br>'501 application PH, including e.g., 3/5/2020 Notice of Allowance at 3. |
| **"increased skin penetration of betamethasone dipropionate"**<br><br>**"increase in penetration of the calcipotriol or the calcipotriol monohydrate, and the betamethasone dipropionate into the skin's dermis, epidermis, or dermis and epidermis"**<br><br>'698 Patent, Claims 23 and 24<br><br>'908 Patent, Claim 39<br><br>'108 Patent, Claims 18 and 19 | **Proposed Construction:**<br><br>This term is a limitation on the claims. Plain meaning.<br><br>**Intrinsic Evidence:**<br><br>'698 Patent: Figure 3, Figure 4, 2:5–19, 2:48–3:19, 3:64–4:10, 7:38–45, 8:36–42, 10:18–43, 18:11–19:28, Claims 1, 2, 23–24.<br><br>'908 Patent: Claims 1, 39.<br><br>'108 Patent: Claims 1, 13–14, 17–19. | **Proposed Construction:**<br><br>Non-limiting.<br><br>**Intrinsic Evidence:**<br><br>'698 patent, including e.g., col. 5, ll. 34-43; col. 7, ll. 38-45; col. 10, ll. 20-23, 38-40; col. 18, l. 9 – col. 19, l. 28 (Example 4); Figs. 3, 4.<br><br>'908 patent, including e.g., col. 5, ll. 34-43; col. 7, ll. 39-46; col. 10, ll. 23-27, 41-43; col. 18, l. 29 – col. 19, l. 48 (Example 4); Figs. 3, 4. |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | '698 Patent File History: LEO-ENST-00000158–74 (Office Action), LEO-ENST-00000211–28 (Amendment and Response Under 37 C.F.R. § 1.111), LEO-ENST-00000298–306 (Notice of Allowance). <br><br> '908 Patent File History: LEO-ENST-00000556–90 (Third-Party Submission), LEO-ENST-00000623–43 (Office Action), LEO-ENST-00000744–52 (Amendment and Response). <br><br> '364 Patent File History: LEO-ENST-00000986–1003 (Office Action), LEO-ENST-00001068–82 (Amendment and Response Under 37 C.F.R. § 1.111). <br><br> '108 Patent File History: LEO-ENST-00001471–87 (Office Action), LEO-ENST-00001554–74 (Amendment and Response Under 37 C.F.R. § 1.111), LEO-ENST-00001623–52 (Third-Party | '364 patent, including e.g., col. 5, ll. 34-43; col. 7, ll. 39-46; col. 10, ll. 23-26, 41-43; col. 18, l. 23 – col. 19, l. 41 (Example 4); Figs. 3, 4. <br><br> '108 patent, including e.g., col. 5, ll. 34-43; col. 7, ll. 40-47; col. 10, ll. 25-28, 43-45; col. 18, l. 22 – col. 19, l. 44 (Example 4); Figs. 3, 4. <br><br> '799 patent, including e.g., col. 5, ll. 34-43; col. 7, ll. 39-46; col. 10, ll. 23-26, 41-43 col. 18, l. 9 – col. 19, l. 28 (Example 4); Figs. 3, 4. <br><br> '214 application PH, including e.g., 3/4/2014 Amendment and Response at 10; 7/25/2014 Response at 10 <br><br> '733 application PH, including e.g., 10/11/2016 Amendment and Response at 7-8, 11, 13-14; 5/12/2017 Amendment and Response at 10-20; 5/9/2017 |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | Submission), LEO-ENST-00001812–20 (Notice of Allowance).<br><br>'799 Patent File History: LEO-ENST-00001989–2006 (Office Action), LEO-ENST-00002070–85 (Amendment and Response Under 37 C.F.R. § 1.111). | Eriksson Declaration at 1-3; 11/15/2017 Amendment and Response at 14.<br><br>'501 application PH, including e.g., 3/5/2020 Notice of Allowance at 3. |
| **"wherein no more than about 10% of the calcipotriol or calcipotriol monohydrate and no more than about 10% of the betamethasone dipropionate degrades during storage of the composition at 40° C for at least two months"**<br><br>**"wherein no more than about 10% of the calcipotriol or calcipotriol monohydrate and no more than about 10% of the betamethasone dipropionate degrades during storage of the composition at 40° C for three months"** | **Proposed Construction:**<br><br>This term is a limitation on the claims. Plain meaning.<br><br>**Intrinsic Evidence:**<br><br>'698 Patent: 2:48–3:36, 4:14–20, 6:52–7:8, 11:16–47, 11:65–12:20, 17:42–18:7.<br><br>'908 Patent: Claims 1, 6, 7.<br><br>'364 Patent: Claims 1, 2.<br><br>'108 Patent: Claims 1, 5. | **Proposed Construction:**<br><br>Non-limiting.<br><br>**Intrinsic Evidence:**<br><br>'698 patent, including e.g., col. 3, ll. 20-36; col. 6, l. 52 – col. 7, l. 8; col. 17, l. 42 – col. 18, l. 7 (Example 3).<br><br>'908 patent, including e.g., col. 3, ll. 20-36; col. 6, l. 53 – col. 7, l. 9; col. 17, l. 61 – col. 18, l. 27 (Example 3).<br><br>'364 patent, including e.g., col. 3, ll. 20-36; col. 6, l. 53 – col. 7, l. 9; col. 17, l. 55 – col. 18, l. 21 (Example 3). |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| **"wherein no more than 10% by weight of the calcipotriol or calcipotriol monohydrate has degraded after storage of the composition for 3 months at about 40° C"**<br><br>'908 Patent, Claims 6 and 7<br><br>'364 Patent, Claim 1<br><br>'108 Patent, Claim 1 | '908 Patent File History: LEO-ENST-00000556–90 (Third-Party Submission), LEO-ENST-00000744–52 (Amendment and Response).<br><br>'364 Patent File History: LEO-ENST-00000986–1003 (Office Action), LEO-ENST-00001068–82 (Amendment and Response Under 37 C.F.R. § 1.111), LEO-ENST-00001111–31 (Third-Party Submission).<br><br>'108 Patent File History: LEO-ENST-00001471–87 (Office Action), LEO-ENST-00001554–74 (Amendment and Response Under 37 C.F.R. § 1.111), LEO-ENST-00001623–52 (Third-Party Submission). | '108 patent, including e.g., col. 3, ll. 20-36; col. 6, l. 53 – col. 7, l. 9; col. 17, l. 55 – col. 18, l. 21 (Example 3).<br><br>'799 patent, including e.g., col. 3, ll. 20-36; col. 6, l. 53 – col. 7, l. 9; col. 17, l. 42 – col. 18, l. 7 (Example 3).'214 application PH, including e.g., 7/25/2014 Response at 12; 2/6/2015 Non-Final Office Action at 4-9<br><br>'733 application PH, including e.g., 10/11/2016 Amendment and Response at 11, 13; 5/11/2017 Høy Declaration at 1-2; 5/12/2017 Amendment and Response at 19, 21-22; 11/15/2017 Amendment and Response at 14-18; 3/1/2018 Notice of Allowance at 5-8.<br><br>'366 application PH, including e.g., 1/10/2020 Amendment and Response at 16, 19. |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| | | '501 application PH, including e.g., 12/26/2019 Amendment and Response at 13-16.<br><br>'603 application PH, including e.g., 1/22/2020 Amendment and Response at 10.<br><br>'539 application PH, including e.g., 1/22/2020 Amendment and Response at 16-17, 19.<br><br>'586 application PH, including e.g., 1/23/2020 Amendment and Response at 10-11, 13. |
| **"wherein the calcipotriol or calcipotriol monohydrate, and the betamethasone dipropionate do not precipitate from the pharmaceutically acceptable propellant during storage of the composition for at least 12 months at 25° C"**<br><br>**"wherein visible crystals of the calcipotriol or calcipotriol monohydrate or the** | **Proposed Construction:**<br><br>This term is a limitation on the claims. Plain meaning.<br><br>**Intrinsic Evidence:**<br><br>'698 Patent: 2:48–3:19, 6:52–58, 7:9–11, 8:63–9:9, 14:18–21.<br><br>'908 Patent: Claims 1, 8. | **Proposed Construction:**<br><br>Non-limiting.<br><br>**Intrinsic Evidence:**<br><br>'698 patent, including e.g., col. 6, l. 52 – col. 7, l. 12; col. 8, ll. 36-42; col. 8, l. 63 – col. 9, l. 9; col. 14, ll. 18-21 (Example 1).<br><br>'908 patent, including e.g., col. 6, l. 53 – col. 7, l. 13; col. 8, ll. 38-44; col. 8, l. 65 – col. 9, l. |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| **betamethasone dipropionate are not observed, as determined by polarized light microscopy, after storage of the composition for 12 months at about 25° C"**<br><br>**"wherein visible crystals of the calcipotriol or calcipotriol monohydrate or the betamethasone dipropionate have not formed after storage of the composition for 18 months at about 25° C"**<br><br>**"wherein visible crystals of the calcipotriol or calcipotriol monohydrate or the betamethasone dipropionate have not formed after storage of the composition for 24 months at about 25°"**<br><br>'908 Patent, Claim 8<br><br>'108 Patent, Claim 8 | '108 Patent: Claims 1, 8.<br><br>'799 Patent: Claims 1, 23, 24.<br><br>'908 Patent File History: LEO-ENST-00000556–90 (Third-Party Submission).<br><br>'108 Patent File History: '108 Patent File History: LEO-ENST-00001471–87 (Office Action), LEO-ENST-00001554–74 (Amendment and Response Under 37 C.F.R. § 1.111), LEO-ENST-00001623–52 (Third Party Submission), LEO-ENST-00001812–20 (4/1/2020 Notice of Allowance).<br><br>'799 Patent File History: LEO-ENST-00001989–2006 (Office Action), LEO-ENST-00002070–85 (Amendment and Response Under 37 C.F.R. § 1.111), LEO-ENST-00002125–45 (Third-Party Submission), LEO-ENST-00002309–14 (Notice of Allowance). | 11; col. 14, ll. 22-25 (Example 1).<br><br>'364 patent, including e.g., col. 6, l. 53 – col. 7, l. 13; col. 8, ll. 38-44; col. 8, l. 65 – col. 9, l. 11; col. 14, ll. 19-23 (Example 1).<br><br>'108 patent, including e.g., col. 6, l. 53 – col. 7, l. 14; col. 8, ll. 41-47; col. 9, ll. 1-14; col. 14, ll. 19-22 (Example 1).<br><br>'799 patent, including e.g., col. 6, l. 53 – col. 7, l. 13; col. 8, ll. 38-44; col. 8, l. 65 – col. 9, l. 11; col. 14, ll. 19-23 (Example 1).<br><br>'214 application PH, including e.g., 3/4/2014 Amendment and Response at 10-11; 7/25/2014 Amendment and Response at 10-12.<br><br>'733 application PH, including e.g., 10/11/2016 Amendment and Response at 7-8, 10-13; |

| Term (Patent/Claims)[2] | Plaintiffs' (LEO's) Proposed Construction and Intrinsic Evidence[3] | Defendant's (Glenmark's) Proposed Construction and Intrinsic Evidence |
|---|---|---|
| '799 Patent, Claims 1, 23, and 24 | | 5/12/2017 Amendment and Response at 11-12, 16, 19-22; 3/1/2018 Notice of Allowance at 5-8. |

## II. AGREED-UPON CONSTRUCTIONS

| Term (Patent/Claims) | Agreed-Upon Construction |
| --- | --- |
| **"A [sprayable,] substantially anhydrous topical composition"**<br><br>'698 Patent, Claim 1<br>'908 Patent, Claim 1<br>'364 Patent, Claim 1<br>'799 Patent, Claim 1 | The preamble is limiting. |
| **"A method of treating psoriasis"**<br><br>'108 Patent, Claims 1, 8, and 13 | The preamble is limiting. |
| **"pharmaceutically acceptable"**<br><br>'698 Patent, Claims 1, 3, 4, 8, 9, and 17–19<br>'908 Patent, Claims 1, 2, 8, 11–13, 21, 22, 40–42, 49, 52, 53, and 61–64<br>'364 Patent, Claims 1, 3, 5, 9–11, and 19–21<br>'108 Patent, Claims 1–3, 8–10, and 13–15<br>'799 Patent, Claims 1, 2, 4, 8, 9, and 17–19 | "suitable for use in a pharmaceutical composition" |